MRJSC #251-18    6/15/18

STATE OF MAINE
KENNEBEC, SS.

UNIFIED CRIMINAL COURT
AUGUSTA
DOCKET NO. CR-16-1645

STATE OF MAINE

V.

**ORDER ON MOTION**

DAREN K. WILLIAMS

Before the court is the Defendant's Motion for Discovery Sanctions filed pursuant to M.R.U.Crim.P. 16(e) on February 6, 2018. An evidentiary hearing was held on June 13, 2018 at which Officer Christopher Frye of the Augusta Police Department and Maine State Trooper Lee Vanadestine testified. By agreement, State's exhibits 1-8 were admitted in evidence.

## FACTS

The facts are not in dispute.

On Saturday, May 28, 2016 Trooper Vanadestine arrested the Defendant in Augusta for operating under the influence and transported him to the Augusta Police Department to conduct a breath test using the intoxilyzer in booking room 2 (also referred to as the "intoxilyzer room"). That room is equipped with an audio and video recording camera and Trooper Vanadestine knew that. Nevertheless, the trooper did not think to request a copy of his intoxilyzer examination of the Defendant or any conversations he had with the Defendant while in the intoxilyzer room. The trooper testified that he gave no thought to whether the recording would be automatically "over-written" after a period of time (apparently 60 days at the Augusta Police Department) because it had not been his practice to obtain such video

evidence. In short, obtaining such recordings as part of discovery had not been an "issue" for him during his law enforcement career. Trooper Vanadestine testified that he did not deliberately allow the video to be "over-written" nor did he make a conscious decision not to request a copy of it. Rather, it was simply an oversight on his part.

During cross examination, the trooper testified that at the end of the intoxilyzer test he had a conversation with the Defendant during which the Defendant made statements that were, presumably, captured on the video recording. The Defendant may also have made statements to the trooper at the roadside stop, but Trooper Vanadestine did not have a clear memory at the hearing of what was said by the Defendant at roadside.

Officer Frye testified that he has served as the records/court officer for the Augusta Police Department for the past seven years. The Augusta Police Department is equipped with a total of five cameras that record 24 hours a day/ 7days a week. All recordings are written to a server and are automatically over-written after 60 days. Several law enforcement agencies utilize the intoxilyzer facilities at the Augusta Police Department such as Hallowell, Maine State Police and the Kennebec County Sheriff's Department, among others. In May 2016 Officer Frye had no way of necessarily knowing which outside agency or officer had used the Augusta intoxilyzer machine. Since that time, however, a log book system has been implemented so that he can keep track of such "outside" use. Moreover a message has been posted in the intoxilyzer room alerting and instructing outside officers as to how to request a copy of any recording inside the intoxilyzer room. Officer Frye testified that he generally fulfills requests for such copies within an hour after receiving them. He also maintains a record of any email requests and his responses.

On July 1, 2016, the District Attorney's Office received Trooper Vanadestine's "Discovery Checklist" that indicated that audio and video recordings

2

did not exist in this case. The Defendant was arraigned on July 18, 2016 and was handed a packet of discovery with a cover letter that indicated that no recordings existed. Additional discovery was provided to defense counsel on November 1 and 6, 2016 and, once again, it was represented that no recordings existed. In the meantime, on October 31, 2016 defense counsel sent a standard discovery request to the District Attorney's Office. The Assistant District Attorney assigned to the case which replied on November 2, 2016 "that all discovery materials and evidence currently in the possession of the State have previously been provided to the Defendant."

Defense counsel continued to question whether videos existed, including any cruiser cam video and a video recording from the booking room at the Augusta Police Department. Defense counsel sent an email to the ADA on January 5, 2017, to which the ADA responded that he would check again. In a letter dated May 25, 2017, the Assistant District Attorney handling this case at that time confirmed that no cruiser cam video existed,[1] nor was a video of the Augusta Police Department booking room available. Defense counsel again inquired about any videos in an email dated August 18, 2017. The DA's Office responded on September 5, 2017 attaching a copy of its earlier letter of May 25, 2017 "about the lack of any videos in this case." At some point thereafter, it was learned that a video recording of the May 28, 2016 intoxilyzer test of the Defendant at the Augusta Police Department had existed but had been over-written and had never been requested by Trooper Vanadestine or the District Attorney's Office. The Defendant filed his Motion for Discovery Sanctions on February 8, 2018.

---

[1] Apparently, Trooper Vanadestine was using a spare cruiser on May 28, 2016 which was not equipped with a video camera.

## DISCUSSION

The Defendant does not contend that Trooper Vanadestine or anyone representing the State acted in bad faith or acted deliberately to destroy evidence. Moreover, the Defendant has acknowledged that the "intoxilyzer" video cannot be shown to be evidence the exculpatory value of which "was apparent before the evidence was destroyed." *See State v. Cote*, 2015 ME 78, ¶15, 118 A.3d 805. As a result, the Defendant, through defense counsel, confirmed at the hearing that he is not asserting a constitutional due process violation or claim. Rather, he is seeking the sanction of dismissal of the charges for a violation of the discovery requirements of M.R.U.Crim.P. 16. The State has argued that no sanction at all should be imposed, but if one is imposed it should consist of something similar to what was approved by the Law Court in *State v. Cruthirds*, 2014 ME 86, ¶¶ 35 & 36, 96 A.3d 80, where the trial court instructed the jury that the State and the investigating law enforcement agency had lost witness statements thereby violating the rules of discovery and telling the jury that it could consider how well the investigation was handled in its evaluation of the evidence.[2]

Rule 16(a)(1) requires the attorney for the State to provide automatic discovery with respect to certain matters. Specifically, automatic discovery includes a statement describing any evidence intended to be used against the defendant that resulted from any admission or statement made by the defendant, and any written or recorded statements made by the defendant. M.R.U.Crim.P. 16(a)(2)(B)(ii) & (2)(C). In addition, the State's attorney is required to provide a statement describing

---

[2] As an initial matter, the court rejects the State's argument that the Motion for Discovery Sanctions was untimely pursuant to M.R.U.Crim.P. 12(b)(3). The facts of this case support the view that defense counsel made consistent and persistent efforts to learn from the State's attorney whether the video in question existed and why it had not been produced. Under these circumstances the court is satisfied that the motion was filed "promptly after grounds for the motion [arose]." M.R.U.Crim.P. 12(b)(3)(B).

4

any evidence that was obtained as a result of a search and seizure. M.R.U.Crim.P. 16(a)(2)(B)(i).

The State has suggested that no discovery violation occurred "as the State has never had possession of any video recording." *State's response to Motion for Discovery Sanctions* at 3. Moreover, the State appears to argue that it had no discovery obligation regarding the intoxilyzer video because the recording system utilized by the Augusta Police Department automatically over-writes itself after a pre-determined number of days. *Id.* This argument is unconvincing.

"The obligation of the attorney for the State extends to matters within the possession or control of any member of the attorney for the State's staff and of any official or employee of this State or any political subdivision thereof who regularly reports or who, with reference to a particular case, has reported to the office of the attorney for the State." M.R.U.Crim.P. 16(a)(1). Moreover, the duty of the attorney for the State and, by extension, those officers who report to the State's attorney's office in connection with the case, is to make a reasonably diligent inquiry to uncover material relevant to the case against the Defendant that is automatically discoverable. *See State v. Hassan*, 2018 ME. 22, ¶12, 179 A.3d 898. The Law Court has explained that the Unified Rules of Criminal Procedure, as amended in 2015, expanded the State's automatic discovery obligations thereby serving to "enhance[e] the quality of the pretrial preparation of both the prosecution and defense and diminish[ ] the element of unfair surprise at trial, *all to the end of making the result of criminal trials depend on the merits of the case* rather than on the demerits of lawyer performance on one side or the other." *State v. Poulin*, 2016 ME 110, ¶ 29, 144 A.3d 574. There can be no dispute that this case is subject to the version of Rule 16 currently in effect and the State does not suggest otherwise.

In the court's view, the video recording of the intoxilyzer test that included pre-test and post-test statements made by the Defendant was automatically

5

discoverable and the State, through its attorney and its case agent(s), had a duty to make a reasonably diligent inquiry to determine whether the recording existed and to produce it to the Defendant. That recording was: (1) evidence intended to be used against the Defendant;[3] (2) obtained as a result of the search and seizure (arrest) of the Defendant; (3) evidence that resulted from an admission or statement of the Defendant, and; (4) a recorded statement (at least in part) made by the Defendant. Accordingly, the court finds that there was a discovery violation in the State's failure to seek out and obtain a copy of the intoxilyzer video.

The court concludes that the ultimate sanction of dismissal is not warranted. No bad faith or deliberate destruction of evidence has been shown or even alleged. The court accepts and finds credible the trooper's testimony that he did not appreciate the obligation to preserve and obtain the recording, and that his failure to request a copy of the recording was an inadvertent oversight.

On the other hand, the court does not agree with the State that no sanction should be imposed or that the sanction imposed in *Cruthirds* should be applied here.

It must be remembered that the charge here is OUI with a "high" test. The intoxilyzer test, and any statements made by the Defendant before or after the test on the video, is a critical piece of evidence involving the Defendant himself. It is, of course, speculative as to whether the video would have been inculpatory or exculpatory (or even helpful) to the Defendant. But the fact remains that the video recording is the best evidence of corroborating or impeaching the officer's description of what happened.

It is well-recognized now that the administration of the intoxilyzer test must be done correctly by the officer and the proper preliminary steps must be followed

---

[3] *See State v. Simmons*, 435 A.2d 1090, 1093 (Me. 1981) (explaining that the phrase "intended to be used against the defendant" is not limited to what the State intends to use at trial).

or the validity of the test result may be subject to challenge. The video recording is the central piece of evidence that documents, as precisely as can be done, what happened or did not happen inside the intoxilyzer room.

The fact that the video recording contained statements of the Defendant himself is of significance. There can be no question that recorded statements from the mouth of a defendant can constitute powerful evidence. Such evidence is fundamentally different from the lost witness statements in *Cruthirds* which the Law Court described as involving "a point in relatively little dispute." 2014 ME 86, ¶ 38. Here, the recording in question is of the Defendant himself.

The words of the Law Court in *State v. Simmons*, 435 A.2d 1090, 1094 (Me. 1981) are relevant here:

> Once again we emphasize the obligation Rule 16 places upon the State. When diligent inquiry fails to reveal information and when that failure can be reasonably explained, the trial court may find late disclosure unavoidable. We caution, however, that failure of the prosecution to inquire as to the existence of discoverable evidence may lead to the unfortunate exclusion of highly probative evidence at pretrial hearings as well as at trial.

Here, the investigating officer was aware of the availability of the recording from the Augusta Police Department but made no inquiry at all about obtaining a copy of it, not because he was acting in bad faith, but because he lacked an understanding that the State's discovery obligation extended to obtaining and providing the recording of the intoxilyzer test that he administered. In this day and age, it must be assumed that most police departments are equipped with video cameras. It is reasonable to expect that law enforcement officers will understand that a recording of a defendant who has been arrested and taken to an intoxilyzer room that is known to be furnished with video recording equipment is subject to the automatic discovery requirement of Rule 16 and a diligent inquiry must be made to seek out and obtain

it before it is irretrievably lost. Under these circumstances, the court believes that an appropriate sanction is that the State will be precluded from using the test result from the intoxilyzer. The State is also precluded from using any statements of the Defendant made inside the intoxilyzer room in its case in chief. Whether such statements may be used in rebuttal will be up to the trial judge.

The entry is:

Defendant's Motion for Discovery Sanctions is GRANTED IN PART. The results of the intoxilyzer test may not be used by the State. Any statements of the Defendant made while in the intoxilyzer room at the Augusta Police Department on May 28, 2016 may not be used by the State in its case in chief. The Defendant's Motion to Dismiss is DENIED.

Dated: June 15, 2018.

William R. Stokes
Justice, Superior Court

8

STATE OF MAINE
v.
DAREN K WILLIAMS
64 OGEMAW ROAD
PONTIAC MI 48431-1143

CRIMINAL DOCKET
KENNEBEC, ss.
Docket No  KENCD-CR-2016-01645

**DOCKET RECORD**

DOB: 09/28/1965
Attorney: DARRICK BANDA                    State's Attorney: MAEGHAN MALONEY
         LAW OFFICES OF RONALD W BOURGET
         185 STATE ST
         AUGUSTA ME 04330-6407
         PARTIALLY INDIGENT 07/18/2016

Filing Document: CRIMINAL COMPLAINT        Major Case Type: MISDEMEANOR (CLASS D,E)
Filing Date: 07/06/2016

## Charge(s)

1   OUI (ALCOHOL)                          05/28/2016 AUGUSTA
Seq 12942 29-A  2411(1-A)(A)        Class D
   VANADESTINE       / MSP

## Docket Events:

07/11/2016 FILING DOCUMENT -  CRIMINAL COMPLAINT FILED ON 07/06/2016

07/11/2016 Charge(s): 1
          HEARING -  ARRAIGNMENT SCHEDULE OTHER COURT ON 07/18/2016 at 08:30 a.m. in Room No.  1

          AUGSC
07/18/2016 Charge(s): 1
          HEARING -  ARRAIGNMENT HELD ON 07/18/2016
          ERIC  WALKER , JUDGE
          Defendant Present in Court

          DEFENDANT INFORMED OF CHARGES.
07/18/2016 Charge(s): 1
          PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 07/18/2016

07/18/2016 BAIL BOND - $1,000.00 UNSECURED BAIL BOND SET BY COURT ON 07/18/2016
          ERIC  WALKER , JUDGE
          NO U/P OF ALCOHOLIC BEVERAGES/ILLEGAL DRUGS, SEARCH ANYTIME W/O AS OR PC
07/18/2016 BAIL BOND - $1,000.00 UNSECURED BAIL BOND FILED ON 07/18/2016

          Bail Amt:  $1,000
          Date Bailed: 07/18/2016
07/18/2016 Charge(s): 1
          HEARING -  DISPOSITIONAL CONFERENCE SCHEDULED FOR 11/08/2016 at 08:30 a.m. in Room No.  1

07/18/2016 Charge(s): 1
          MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 07/18/2016

07/18/2016 Charge(s): 1
          MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 07/18/2016
          ERIC  WALKER , JUDGE

COPY TO PARTIES/COUNSEL                                    UP TO $500.00;
$50.00 PER MONTH STARTING 09/02/16
07/19/2016 Party(s):  DAREN K WILLIAMS
           ATTORNEY -  PARTIALLY INDIGENT ORDERED ON 07/18/2016


           Attorney:  DARRICK BANDA
07/19/2016 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE NOTICE SENT ON 07/19/2016


11/02/2016 MOTION -  MOTION EXPERT WITNESS REPORT FILED BY DEFENDANT ON 11/01/2016


11/08/2016 MOTION -  MOTION EXPERT WITNESS REPORT GRANTED ON 11/08/2016
           JOYCE A WHEELER , JUSTICE
11/08/2016 Charge(s): 1
           HEARING -  DISPOSITIONAL CONFERENCE HELD ON 11/08/2016
           JOYCE A WHEELER , JUSTICE
11/08/2016 Charge(s): 1
           TRIAL -  DOCKET CALL SCHEDULED FOR 12/07/2016 at 09:30 a.m. in Room No.  1


11/21/2016 Charge(s): 1
           TRIAL -  DOCKET CALL NOTICE SENT ON 11/21/2016


12/07/2016 Charge(s): 1
           TRIAL -  DOCKET CALL HELD ON 12/07/2016
           ROBERT E MULLEN , JUSTICE
12/07/2016 Charge(s): 1
           TRIAL -  JURY TRIAL SCHEDULED FOR 12/09/2016 at 08:30 a.m. in Room No.  3


           NOTICE TO PARTIES/COUNSEL
12/09/2016 Charge(s): 1
           TRIAL -  JURY TRIAL NOT REACHED ON 12/09/2016
           ANN  MURRAY , JUSTICE
12/09/2016 Charge(s): 1
           TRIAL -  DOCKET CALL SCHEDULED FOR 01/04/2017 at 09:00 a.m. in Room No.  1


01/04/2017 Charge(s): 1
           TRIAL -  DOCKET CALL HELD ON 01/04/2017
           ROBERT E MULLEN , JUSTICE
           Defendant Present in Court
01/04/2017 Charge(s): 1
           TRIAL -  JURY TRIAL SCHEDULED FOR 01/06/2017 at 08:30 a.m. in Room No.  3


           NOTICE TO PARTIES/COUNSEL                               JURY SELECTION
01/10/2017 Charge(s): 1
           TRIAL -  JURY TRIAL NOT HELD ON 01/10/2017


           NOT SELECTED FOR JURY TRIAL
01/10/2017 TRIAL -  DOCKET CALL SCHEDULED FOR 02/08/2017 at 02:45 p.m. in Room No.  1

01/19/2017 TRIAL -  DOCKET CALL NOTICE SENT ON 01/19/2017

02/03/2017 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 02/02/2017

CHANGE TIME
02/06/2017 MOTION - OTHER MOTION GRANTED ON 02/06/2017
WILLIAM STOKES , JUSTICE
CHANGE TIME
02/08/2017 TRIAL - DOCKET CALL HELD ON 02/08/2017
WILLIAM STOKES , JUSTICE
Defendant Present in Court
02/08/2017 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 03/08/2017 at 09:30 a.m. in Room No. 1

03/08/2017 Charge(s): 1
TRIAL - DOCKET CALL CONTINUED ON 03/08/2017
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court
03/08/2017 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 04/05/2017 at 08:45 a.m. in Room No. 1

03/27/2017 Charge(s): 1
TRIAL - DOCKET CALL NOTICE SENT ON 03/27/2017

04/05/2017 Charge(s): 1
TRIAL - DOCKET CALL CONTINUED ON 04/05/2017
M MICHAELA MURPHY , JUSTICE
Defendant Present in Court
04/05/2017 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 05/03/2017 at 09:00 a.m. in Room No. 1

04/18/2017 Charge(s): 1
TRIAL - DOCKET CALL NOTICE SENT ON 04/18/2017

05/03/2017 Charge(s): 1
TRIAL - DOCKET CALL HELD ON 05/03/2017 in Room No. 1
WILLIAM STOKES , JUSTICE
05/03/2017 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 05/05/2017 at 08:30 a.m. in Room No. 3

NOTICE TO PARTIES/COUNSEL                                               JURY SELECTION
1 DAY TRIAL
05/03/2017 Charge(s): 1
TRIAL - JURY TRIAL SCHEDULED FOR 05/22/2017 at 08:30 a.m. in Room No. 3

NOTICE TO PARTIES/COUNSEL                                               1 DAY
05/03/2017 Charge(s): 1
TRIAL - JURY TRIAL NOTICE SENT ON 05/03/2017

05/10/2017 Charge(s): 1
TRIAL - JURY TRIAL NOT HELD ON 05/10/2017

05/10/2017 Charge(s): 1
TRIAL - DOCKET CALL SCHEDULED FOR 06/07/2017 at 09:00 a.m. in Room No. 1

05/18/2017 Charge(s): 1
TRIAL - DOCKET CALL NOTICE SENT ON 05/18/2017

06/02/2017 Charge(s): 1
           MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 06/02/2017


06/07/2017 Charge(s): 1
           MOTION -  MOTION TO CONTINUE GRANTED ON 06/07/2017
           DONALD H MARDEN , JUSTICE
           COPY TO PARTIES/COUNSEL
06/07/2017 Charge(s): 1
           TRIAL -  DOCKET CALL CONTINUED ON 06/07/2017
           DONALD H MARDEN , JUSTICE
06/07/2017 Charge(s): 1
           TRIAL -  JURY TRIAL NOT HELD ON 05/05/2017


06/07/2017 TRIAL -  DOCKET CALL SCHEDULED FOR 08/09/2017 at 08:45 a.m. in Room No.  1


07/20/2017 TRIAL -  DOCKET CALL NOTICE SENT ON 07/20/2017


08/10/2017 TRIAL -  JURY TRIAL SCHEDULED FOR 08/11/2017 at 08:30 a.m. in Room No.  3


           NOTICE TO PARTIES/COUNSEL
08/10/2017 Charge(s): 1
           MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 08/10/2017


08/15/2017 TRIAL -  DOCKET CALL HELD ON 08/09/2017
           DONALD H MARDEN , JUSTICE
           Defendant Present in Court
08/15/2017 TRIAL -  JURY TRIAL CONTINUED ON 08/11/2017


08/15/2017 Charge(s): 1
           MOTION -  MOTION TO CONTINUE GRANTED ON 08/11/2017
           M MICHAELA MURPHY , JUSTICE
           COPY TO PARTIES/COUNSEL                                        IN PART -
           COUNSEL TO COME TO CJC ONCE MATTER IN PENOBSCOT CONCLUDES
08/15/2017 Charge(s): 1
           TRIAL -  DOCKET CALL SCHEDULED FOR 09/06/2017 at 09:15 a.m. in Room No.  1


08/21/2017 Charge(s): 1
           TRIAL -  DOCKET CALL NOTICE SENT ON 08/21/2017


09/06/2017 Charge(s): 1
           TRIAL -  DOCKET CALL HELD ON 09/06/2017
           DONALD H MARDEN , JUSTICE
           Defendant Present in Court
09/06/2017 Charge(s): 1
           TRIAL -  JURY TRIAL SCHEDULED FOR 09/08/2017 at 08:30 a.m. in Room No.  3


           NOTICE TO PARTIES/COUNSEL                                      JURY SELECTION
09/12/2017 Charge(s): 1
           TRIAL -  JURY TRIAL NOT HELD ON 09/12/2017


09/12/2017 Charge(s): 1
           TRIAL -  DOCKET CALL SCHEDULED FOR 10/04/2017 at 09:15 a.m. in Room No.  1
           CR_200, Rev. 07/15         Page  4  of 9                    Printed on: 06/15/2018

09/19/2017 Charge(s): 1
          TRIAL -  DOCKET CALL NOTICE SENT ON 09/19/2017

10/10/2017 Charge(s): 1
          TRIAL -  DOCKET CALL CONTINUED ON 10/04/2017

10/10/2017 Charge(s): 1
          TRIAL -  DOCKET CALL SCHEDULED FOR 11/08/2017 at 09:15 a.m. in Room No.  1

10/17/2017 Charge(s): 1
          TRIAL -  DOCKET CALL NOTICE SENT ON 10/17/2017

11/08/2017 Charge(s): 1
          TRIAL -  DOCKET CALL HELD ON 11/08/2017
          M MICHAELA MURPHY , JUSTICE
          Defendant Present in Court
11/08/2017 Charge(s): 1
          TRIAL -  JURY TRIAL SCHEDULED FOR 11/09/2017 at 08:30 a.m. in Room No.  3

          NOTICE TO PARTIES/COUNSEL                                      JURY SELECTION
11/14/2017 Charge(s): 1
          TRIAL -  JURY TRIAL NOT HELD ON 11/09/2017

11/14/2017 Charge(s): 1
          TRIAL -  JURY TRIAL CONTINUED ON 11/09/2017

11/14/2017 Charge(s): 1
          TRIAL -  DOCKET CALL SCHEDULED FOR 12/06/2017 at 08:30 a.m. in Room No.  1

12/14/2017 Charge(s): 1
          TRIAL -  DOCKET CALL HELD ON 12/06/2017
          M MICHAELA MURPHY , JUSTICE
12/14/2017 TRIAL -  DOCKET CALL SCHEDULED FOR 01/03/2018 at 09:00 a.m. in Room No.  1

12/20/2017 TRIAL -  DOCKET CALL NOTICE SENT ON 12/20/2017

01/03/2018 TRIAL -  DOCKET CALL HELD ON 01/03/2018
          ROBERT E MULLEN , JUSTICE
          Defendant Present in Court
01/03/2018 Charge(s): 1
          TRIAL -  JURY TRIAL SCHEDULED FOR 01/05/2018 at 08:30 a.m. in Room No.  3

          NOTICE TO PARTIES/COUNSEL
01/05/2018 Charge(s): 1
          TRIAL -  JURY TRIAL NOT HELD ON 01/05/2018

01/05/2018 Charge(s): 1
          TRIAL -  JURY TRIAL SCHEDULED FOR 01/08/2018 at 08:30 a.m. in Room No.  3

          NOTICE TO PARTIES/COUNSEL                                      SELECTION
01/09/2018 Charge(s): 1
          TRIAL -  JURY TRIAL NOT HELD ON 01/09/2018

01/09/2018 Charge(s): 1
             TRIAL - DOCKET CALL SCHEDULED FOR 02/07/2018 at 09:15 a.m. in Room No.  1

02/07/2018 Charge(s): 1
             MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 02/06/2018

             SANCTIONS
02/07/2018 Charge(s): 1
             TRIAL - DOCKET CALL HELD ON 02/07/2018
             M MICHAELA MURPHY , JUSTICE
02/07/2018 Charge(s): 1
             TRIAL - JURY TRIAL SCHEDULED FOR 02/09/2018 at 08:30 a.m. in Room No.  3

             NOTICE TO PARTIES/COUNSEL                                    SELECTION
02/07/2018 Charge(s): 1
             TRIAL - JURY TRIAL NOTICE SENT ON 02/07/2018

             VIA EMAIL
02/09/2018 Charge(s): 1
             TRIAL - JURY TRIAL CONTINUED ON 02/09/2018

02/09/2018 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 02/28/2018 at 09:00 a.m. in Room No.  1
             M MICHAELA MURPHY , JUSTICE
             MOTION FOR DISCOVERY SANCTIONS
02/09/2018 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 02/09/2018

02/16/2018 Charge(s): 1
             TRIAL - DOCKET CALL SCHEDULED FOR 03/07/2018 at 09:15 a.m. in Room No.  1

02/16/2018 Charge(s): 1
             TRIAL - DOCKET CALL NOTICE SENT ON 02/16/2018

             EMAIL
02/20/2018 Charge(s): 1
             OTHER FILING - OTHER DOCUMENT FILED ON 02/20/2018

             DA: ALISA ROSS
             STATE'S RESPONSE TO DEFENDANT'S MOTION FOR DISCOVERY SANCTIONS
02/28/2018 Charge(s): 1
             TRIAL - DOCKET CALL NOT HELD ON 02/28/2018

02/28/2018 HEARING - MOTION FOR DISCOVERY CONTINUED ON 02/28/2018

02/28/2018 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 03/29/2018 at 01:30 p.m. in Room No.  2

             NOTICE TO PARTIES/COUNSEL
02/28/2018 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 02/28/2018

             EMAIL
02/28/2018 Charge(s): 1
             TRIAL - DOCKET CALL SCHEDULED FOR 04/04/2018 at 09:00 a.m. in Room No.  1

03/07/2018 Charge(s): 1
          MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 03/07/2018

          DA: ALISA ROSS
03/12/2018 HEARING - MOTION TO CONTINUE SCHEDULED FOR 03/13/2018 at 08:30 a.m. in Room No.  1

          NOTICE  TO PARTIES/COUNSEL
03/20/2018 HEARING - MOTION TO CONTINUE CONTINUED ON 03/13/2018

          STORM CANCELLATION
03/20/2018 HEARING - MOTION TO CONTINUE SCHEDULED FOR 03/27/2018 at 08:30 a.m. in Room No.  1

          NOTICE  TO PARTIES/COUNSEL
03/20/2018 HEARING - MOTION TO CONTINUE NOTICE SENT ON 03/20/2018

          VIA EMAIL
03/21/2018 Charge(s): 1
          TRIAL - DOCKET CALL NOTICE SENT ON 03/20/2018

          EMAIL
03/26/2018 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 03/29/2018 at 10:30 a.m. in Room No.  2

          NOTICE  TO PARTIES/COUNSEL
03/26/2018 HEARING - MOTION FOR DISCOVERY NOTICE SENT ON 03/26/2018

          EMAIL
03/27/2018 HEARING - MOTION TO CONTINUE HELD ON 03/27/2018
          M MICHAELA MURPHY , JUSTICE
          Attorney: DARRICK BANDA
          DA: ALISA ROSS
03/27/2018 Charge(s): 1
          MOTION - MOTION TO CONTINUE GRANTED ON 03/27/2018
          M MICHAELA MURPHY , JUSTICE
          COPY TO PARTIES/COUNSEL                                          OVER OBJECTION.
          LAST CONTINUANCE FOR STATE.
03/27/2018 HEARING - MOTION FOR DISCOVERY CONTINUED ON 03/27/2018
          M MICHAELA MURPHY , JUSTICE
03/27/2018 HEARING - MOTION FOR DISCOVERY CONTINUED ON 03/27/2018
          M MICHAELA MURPHY , JUSTICE
03/27/2018 Charge(s): 1
          TRIAL - DOCKET CALL NOT HELD ON 03/27/2018

03/27/2018 Charge(s): 1
          TRIAL - DOCKET CALL SCHEDULED FOR 05/09/2018 at 09:15 a.m. in Room No.  1

04/18/2018 Charge(s): 1
          TRIAL - DOCKET CALL NOTICE SENT ON 04/18/2018

          EMAIL
05/03/2018 MOTION - OTHER MOTION FILED BY DEFENDANT ON 05/03/2018

          Attorney: DARRICK BANDA
          MOTION FOR DEF TO BE EXCUSED FROM DOC CALL

05/04/2018 MOTION -   OTHER MOTION GRANTED ON 05/03/2018
          WILLIAM  STOKES , JUSTICE
          MOTION FOR DEF TO BE EXCUSED FROM DOC CALL
05/09/2018 Charge(s): 1
          TRIAL -   DOCKET CALL HELD ON 05/09/2018 in Room No.   1
          WILLIAM  STOKES , JUSTICE
          Attorney:  DARRICK BANDA
          BACKUP NON-JURY TRIAL
05/09/2018 Charge(s): 1
          TRIAL -   DOCKET CALL SCHEDULED FOR 06/06/2018 at 09:15 a.m. in Room No.   1

05/22/2018 Charge(s): 1
          TRIAL -   DOCKET CALL NOTICE SENT ON 05/22/2018

          EMAIL
06/06/2018 Charge(s): 1
          TRIAL -   DOCKET CALL HELD ON 06/06/2018
          WILLIAM  STOKES , JUSTICE
          Attorney:  DARRICK BANDA
          DA:  ALISA ROSS
06/06/2018 Charge(s): 1
          TRIAL -   JURY TRIAL SCHEDULED FOR 06/08/2018 at 08:30 a.m. in Room No.   3

          NOTICE TO PARTIES/COUNSEL                                           1 DAY TRIAL,
          JURY SELECTION
06/06/2018 Charge(s): 1
          TRIAL -   JURY TRIAL SCHEDULED FOR 06/07/2018 at 08:30 a.m. in Room No.   3

          NOTICE TO PARTIES/COUNSEL                                           JURY SELECTION
          - ONE DAY TRIAL
06/06/2018 HEARING -   MOTION FOR DISCOVERY SCHEDULED FOR 06/13/2018 at 08:30 a.m. in Room No.   1

          NOTICE  TO PARTIES/COUNSEL                                          WITH JUSTICE
          STOKES
06/06/2018 HEARING -   MOTION FOR DISCOVERY NOTICE SENT ELECTRONICALLY ON 06/06/2018

06/11/2018 Charge(s): 1
          TRIAL -   JURY TRIAL NOT HELD ON 06/07/2018

06/11/2018 Charge(s): 1
          TRIAL -   JURY TRIAL HELD ON 06/08/2018
          WILLIAM  STOKES , JUSTICE
          Reporter: JANETTE COOK
06/11/2018 Charge(s): 1
          TRIAL -   JURY TRIAL SCHEDULED FOR 06/21/2018 at 08:30 a.m. in Room No.   3

          NOTICE TO PARTIES/COUNSEL
06/11/2018 Charge(s): 1
          TRIAL -   JURY TRIAL NOTICE SENT ON 06/11/2018

06/13/2018 HEARING -   MOTION FOR DISCOVERY HELD ON 06/13/2018
          WILLIAM  STOKES , JUSTICE
06/13/2018 Charge(s): 1

MOTION -  MOTION FOR DISCOVERY UNDER ADVISEMENT ON 06/13/2018

06/13/2018 CASE STATUS -  CASE FILE LOCATION ON 06/13/2018

          W/ J. STOKES FOR THE ORDER ON MOTION FOR DISCOVERY SANCTIONS
06/15/2018 CASE STATUS -  CASE FILE RETURNED ON 06/15/2018

06/15/2018 Charge(s): 1
          MOTION -  MOTION FOR DISCOVERY GRANTED ON 06/15/2018
          WILLIAM  STOKES , JUSTICE
          COPY TO PARTIES/COUNSEL


                                        GRANTED IN PART- INTOXILYZER TEST NOT TO BE
          USED. MOTION TO DISMISS IS DENIED

A TRUE COPY
ATTEST:  _____
                    Clerk